# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BARBARA A. KARCHER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | C.A. No.: K21C-05-019 JJC |
| THE RESTORATION GUYS, LLC, | : | |
| Defendant/Third-Party | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STORROW MANAGEMENT, LLC, | : | |
| | : | |
| Third-Party Defendant. | : | |

Submitted: May 19, 2022
Decided: July 14, 2022
Corrected: July 21, 2022

## <u>ORDER</u>

*Upon Consideration of Third-Party Defendant's Motion for Judgment on the Pleadings–* **GRANTED**

On this 14th day of July 2022, after considering Third-Party Defendant Storrow Management, LLC's motion to dismiss Third-Party Plaintiff The Restoration Guys, LLC's third-party complaint, the parties' written submissions, and their arguments, it appears that:

1. Plaintiff Barbara Karcher sued Restoration Guys, LLC ("Restoration") for personal injuries she allegedly suffered after falling at the threshold of a storage unit. At the time she fell, she worked as a property manager for Third-Party Defendant Storrow Management, LLC ("Storrow").

2. Before Ms. Karcher's alleged fall, Storrow had hired Restoration to replace the entranceway at Storrow's storage facility. As alleged in the third-party complaint, Storrow specified the type of door it wanted and asked Restoration to construct a three-to-four-inch curb in front of it to prevent water encroachment. Restoration then secured the materials and did the work. In Ms. Karcher's complaint, she alleges that Restoration negligently crafted and installed the threshold and the door. That negligence, she contends, proximately caused her fall and injuries.

3. After Ms. Karcher sued Restoration for her injuries, Restoration filed a third-party complaint against Storrow. Restoration sues Storrow in indemnity to circumvent workers' compensation exclusivity. In Restoration's third-party complaint, it alleges that it shared a special relationship with Storrow that imposed an implied duty upon Storrow to indemnify it.

4. Storrow filed an answer and denied many of Restoration's allegations. After it filed its answer, it moved to dismiss Restoration's third-party complaint pursuant to Superior Court Rule 12(b)(6).

5. In Storrow's motion, it emphasizes that under the Delaware's Workers' Compensation Act, workers compensation is the exclusive remedy against it.[1] As an extension of that principle, Storrow emphasizes that exclusivity bars any claim for contribution against it. Furthermore, Storrow contends that Restoration's third-party complaint fails to state a claim in indemnity because it does not meet the heightened pleading standard of Superior Court Civil Rule 9(b). Independent of the Rule 9(b) argument, Storrow separately contends that the third-party complaint fails

---

[1] *See* 19 *Del. C.* § 2304 (providing that "[e]very employer and employee, adult and minor . . . shall be bound by [Delaware's Workers' Compensation Act] respectively to pay and to accept compensation for personal injury . . . by accident arising out of and in the course of employment . . . to the exclusion of all other rights and remedies.").

to allege (1) that Storrow had an express duty to indemnify Restoration in their contract, or (2) that Storrow breached an implied duty that Delaware law recognizes.

6.  Restoration opposes Storrow's motion to dismiss. It contends that the third-party complaint states a sufficient claim against Storrow for implied indemnification. In support, Restoration relies primarily upon the Delaware Supreme Court's decision in *SW, Inc. v. American Consumers Industries, Inc.*[2] It contends that the *SW, Inc.* decision recognizes that an employer has an implied duty to indemnify a tortfeasor if the employer *co-designed* the product or condition that caused the employee's injury. In reliance on that interpretation, Restoration alleges that Storrow co-designed the entranceway by specifying "the kind of door, the construction of the entryway, and construction of [a] 3-4" curb."

7.  As to the order of the pleadings, Storrow answered Restoration's third-party complaint first, and shortly thereafter moved to dismiss it. Because Storrow first filed its answer, the Court will convert Storrow's motion to dismiss to a Superior Court Civil Rule 12(c) motion for judgment on the pleadings.[3]

8.  The standard for a motion for judgment on the pleadings is described as "[nearly] identical" to the standard used to evaluate a Rule 12(b)(6) motion to dismiss.[4] The only difference between the two is the scope of what the Court considers in a Rule 12(c) motion, which includes the answer. Notwithstanding this minimal change in scope, the Court must accept all allegations in the third-party complaint as true.[5] As to the sufficiency of the allegations, the test is deferential:

---

[2] 450 A.2d 887 (Del. 1982).

[3] Super. Ct. Civ. R. 12(c); *See Malpiede v. Townson*, 780 A. 2d 1075, 1092 (Del. 2001) (recognizing that a motion to dismiss filed after an answer should be considered a motion for judgment on the pleadings). At oral argument, neither party opposed converting the motion to one for judgment on the pleadings.

[4] *See Lynam v. Blue Diamond, LLC*, 2016 WL 5793725, at *2 (Del. Super. Oct. 4, 2016) (recognizing that the standard is "almost" identical).

[5] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

3

the third-party complaint survives the motion if Restoration can recover under "any reasonably conceivable set of circumstances susceptible of proof under the [pleadings]."[6]  When the Court applies Rule 12(c), it must defer to the facts alleged in the third-party complaint, notwithstanding any contradictions in the answer.[7]  In other words, for purposes of a Rule 12(c) motion, the Court must assume that all contravening assertions in the movant's answer are false.[8]

9.  Storrow's first ground for seeking dismissal is based upon Rule 9(b)'s heightened pleading requirement.  Storrow contends that the third-party complaint fails to allege, with particularity, that it was negligent.  Rule 9(b)'s standard, however, does not apply.  Rather, notice pleading standards apply because Restoration's third-party complaint sounds in indemnity.[9]  As this Court previously explained in *Farrow v. Teal Construction*,[10] notice pleading applies to claims for indemnification, whether they are based upon an express contract term or are implied in the relationship.[11]  As a result, the dismissal of Storrow's third-party complaint is inappropriate on the ground that Restoration failed to allege with particularity that Storrow was negligent.

10.  Turning to Restoration's second contention, it concedes that it has no claim available against Storrow for contribution because of exclusivity.  Although exclusivity bars any third-party claims for contribution, a third-party tortfeasor may nevertheless recover against an employer in indemnification under two circumstances.  Those circumstances include when the employer (1) breaches an independent duty owed to the third-party (through an express contractual

---

[6] *Id.* (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952)).
[7] 35A C.J.S. Fed. Civ. Proc. § 466 (2022).
[8] *Id.*
[9] *Farrow v. Teal Construction Co.*, 2020 WL 3422401, at *3 (Del. Super. June 22, 2020).
[10] *Id.*
[11] *Id.*

obligation), or (2) the circumstances create an implied promise to indemnify.[12] Here, no term in the contract requires Storrow to indemnify it. Rather, Restoration argues that the circumstances impose an implied obligation that requires Storrow to do so.

11. In *Diamond State Telephone Co. v. University of Delaware*,[13] the Delaware Supreme Court identified three limited circumstances where the relationship between a contractor and an employer implies such an obligation. All three scenarios apply when the employer and third-party tortfeasor share work duties at the same work site.[14] The first exception applies when (1) the injured party's employer created the dangerous condition, and (2) the tortfeasor did not discover the condition.[15] The second exception applies when (1) the tortfeasor created a dangerous condition, and (2) the employer discovered it, but (3) the employer required its employees to continue to work at the site notwithstanding the condition.[16] The third exception applies when (1) the tortfeasor created a latent dangerous condition, (2) the employer discovered the condition, and (3) the employer somehow activated the dangerous condition through affirmative conduct.[17]

12. In this case, Restoration concedes that its third-party complaint states no claim under any of the three *Diamond State* exceptions. Instead, Restoration asks

---

[12] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 56-57 (Del. 1970).

[13] *Id.*

[14] *Id.* at 57–58. *See also Davis v. Peoples, Inc.*, 2003 WL 21733013, at *2 (Del. Super. July 25, 2003) (summarizing the three situations where the employer may be liable to the third party as including "instances where the employer creates a dangerous condition on the third party's premises which causes injury to the employee, instances where the employer knowingly permits the employee to work under dangerous conditions which may have been caused or created by the third party, and instances where the employer activates a latent dangerous condition caused or created by the third party which, in turn, causes injury to the employee").

[15] *Diamond State*, 269 A.2d at 57.

[16] *Id.* at 57-58.

[17] *Id.* at 58.

the Court to recognize and apply a fourth exception. It contends that this fourth exception, if recognized as an exception, would require Storrow to indemnify Restoration because Storrow codesigned the entranceway.

13. For that contention, Restoration relies upon the Delaware Supreme Court's decision in *SW, Inc. v. American Consumers Industries, Inc*.[18] In *SW, Inc.*, the third-party plaintiff, SW, manufactured and sold an ice cubing machine to the injured plaintiff's employer.[19] While the plaintiff performed work for his employer, he slipped on unsafe flooring, fell into the machine, and then severed his fingers.[20] SW primarily argued express indemnity as a way to circumvent exclusivity.[21] The Court rejected that contention, and proceeded to SW's alternative argument based upon implied indemnity. For that argument, SW relied upon a United States District Court for the District of Rhode Island decision in *Roy v. Star Chopper*.[22] In the *Star Chopper* decision, the federal district court applied Rhode Island law and recognized a special relationship separate from the three recognized by the Delaware Supreme Court in *Diamond State*.[23] Namely, *Star Chopper* recognized a co-designer exception under very limited facts. That is, an implied duty arose when an employer co-designed the product causing the employee's injury.[24] SW contended that the same duty arose in its case, in Delaware, because the employer co-designed the ice machine. In support of its claim, SW relied upon the following: (1) the employer installed the flooring that surrounded the ice machine; (2) the flooring caused the

---

[18] 450 A.2d 887 (Del. 1982).
[19] *Id.*
[20] *Id.* at 888.
[21] *Id.*
[22] 442 F.Supp. 1010 (D.R.I. 1977), *aff'd*, *Roy v. Star Chopper Co.,* 584 F.2d 1124 (1st Cir. 1978).
[23] *See id.* at 1020 (explaining that other courts hesitate to recognize indemnity claims by a manufacturer against an employer-purchaser but finding that the evidence in the *Star Chopper* case of a special relationship between the parties provided a basis for finding an implied contract to indemnify under the narrow circumstances presented).
[24] *Id.*

plaintiff to slip and fall into the machine; and (3) the employer had instructed SW to remove safety features from the machine before SW installed it.[25]

14.    For two reasons, the *SW, Inc.* decision does not support Restoration's claim.  First, in *SW, Inc.*, the Delaware Supreme Court did not adopt the United States District Court for the District of Rhode Island's exception.  Rather, our Supreme Court examined what was merely SW's alternative argument and distinguished its facts from those in *Star Chopper*.[26]   When doing so, the Court did not hold that such an implied duty exists under Delaware law.   Moreover, legal commentators and the Superior Court have recognized that Delaware is in a small minority of jurisdictions that recognize even the three *Diamond State* exceptions to exclusivity.[27]   Because the Delaware Supreme Court has recognized only the three *Diamond State* exceptions,[28] this Court declines to adopt a fourth one.   In other words, the Court declines to find that *SW, Inc*. added to Delaware's narrow list of exceptions.

15.    Second, even if the Supreme Court had adopted this exception, its efforts to distinguish *Star Chopper*'s facts demonstrates why the relationship between Restoration and Storrow, as alleged, could not have created an implied duty.

---

[25] *SW, Inc.*, 450 A.2d at 888.

[26] *Id.* at 889.

[27] *See* 7 Larson's Workers' Compensation Law § 121.07(1) (2002) (noting that there is a "sharp divergence of opinion" between the majority that rejects the implied indemnity doctrine, and the small minority of jurisdictions that hold "when the relation between the parties is based on contract, an obligation of care with accompanying indemnity obligation can be implied that survives the exclusivity defense"); *Davis*, 2003 WL 21733013, at *2 (explaining that Delaware sides with the minority that embraces the approach that an obligation to indemnify may be implied by the circumstances of the case).

[28] *See Diamond State*, 269 A.2d at 57-58 (explaining that the only basis for liability to indemnify to circumvent exclusivity is the breach of a promise, either express or implied, to perform the work in a workmanlike manner and providing the three limited exceptions). Although the Delaware Supreme Court discusses four categories in *Diamond State*, the fourth category provides for *no liability* where the third party creates a dangerous condition, and the employer fails to discover it. In that scenario, the employer is not liable to indemnify the third party for any damages recovered against it. *Id.* at 58.

7

In its analysis, the Court first explained the nature of the relationship between the manufacturer in *Star Chopper* and that employer as follows:

> (1) … the purchaser/employer imposed certain design specifications on the manufacturer which required the omission of certain safety devices normally placed on the machine; (2) ... the purchaser/employer assumed full responsibility of the actual assembly of the unit of which the purchased machine was a part; *and* (3) ... the purchaser/employer also assumed responsibility for the addition of any necessary safety devices upon the machine's final assembly at the plant.[29]

16.     The Court then explained that in *SW, Inc.* the employer did not participate in a joint design project, as was the case in *Star Chopper*.   When the Court distinguished *Star Chopper* on the facts, it found that that SW's relationship to the employer was not a "special relationship" that permitted SW to circumvent exclusivity.[30]   It found no special relationship notwithstanding that, in *SW, Inc.,* the employer (1) had installed the flooring that caused its employee to slip into the ice machine, and (2) had told the manufacturer to remove a safety device from the machine that may have prevented the plaintiff's injury.[31]

17.     Here, Restoration's third-party complaint alleges facts that are even further removed from those presented in *Star Chopper*.  Namely, Restoration alleges that Storrow selected the type of door that Restoration installed and asked Restoration to include a three-to-four-inch threshold.  While Storrow's involvement when requesting the threshold (and perhaps for some reason the door) may have made Storrow negligent, it did not create the type of special relationship that

---

[29] *SW, Inc.*, 450 A.2d at 890 (emphasis added).
[30] *Id.*
[31] *Id.*

generated an implied duty of indemnification, even if the fourth exception were available.

18.    On balance, Restoration's third-party complaint does not allege facts that demonstrate a reasonably conceivable basis for recovery in implied indemnification.  Were the Court to grant Restoration's request to recognize an implied duty in this case, it would recognize an exception that would bypass exclusivity in nearly any circumstance where an employer gives a contractor specifications as to how it wants something built.  In this case, Storrow must be granted judgment on the pleadings because (1) the Delaware Supreme Court has not recognized a co-designer exception as did the court in *Star Chopper*, and (2) even if it had, Restoration and Storrow's relationship does not approach the joint design effort described in *Star Chopper*.

**WHEREFORE**, because the pleadings, when considered in the proper light, provide for no conceivable basis for Restoration to recover from Storrow in implied indemnity, Storrow's motion for judgment on the pleadings must be **GRANTED**.

  **IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge


JJC:klc
*Via File & ServeXpress*

9